IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DIONDRA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:09-CV-604-WKW |
| ALABAMA DEPARTMENT | ) | |
| OF CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) these cases were referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, filed July 1, 2009). Pending before the Court is *Defendants' Motion to Dismiss* (Doc. 15, filed Nov. 9, 2009). Plaintiff filed her response and the motion is ripe for this Court's review. For good cause, it is the recommendation that the motion to dismiss be GRANTED.

## I.   BACKGROUND

On June 29, 2009, Plaintiff Diondra Jackson ("Jackson") filed a Complaint (Doc. 1) against the Alabama Department of Corrections ("DOC") and individual defendants who are employed by the DOC. Jackson, an African-American female, alleges the defendants discriminated against her, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.,* because of her race and in retaliation for

1

her "several complaints of unlawful discrimination and sexual harassment."[1]  Jackson also alleges discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA") (42 U.S.C. §§ 12111-12117).

The Court directed Jackson to amend her Complaint to clarify her claims and the supporting facts.  *See* Doc. 6.  On August 5, 2009, Jackson filed an Amended Complaint (Doc. 9).  On November 9, 2009, Defendants filed a Motion to Dismiss the action (Doc. 15), alleging that Jackson's Amended Complaint lacked (1) "valid, factually supported, and timely federal causes of action," and therefore did not "state a claim to relief that is plausible on its face."  *See* Doc. 15, at 1.  Defendants further allege that Jackson did not state the grounds alleged for this court's subject matter jurisdiction and did not identify the individual defendants who allegedly violated her rights, thus making the case impossible to defend.  *See* Doc. 15, at 1-2.

Jackson's Amended Complaint is a relatively brief narrative.  It states:

> I am a Black female with a disability that has complained constantly about sexual harassment and intimidation by my co-worker(s) and upper management.  I began my employment with the employer named above (Alabama Department of Corrections) as a Drug Treatment Counselor on August 2, 2008.  I made my initial complaint of sexual harassment (men) in February of 2007.  My complaints of sexual harassment were resolved to my satisfaction by Warden Hooks and the Warden II at that time; both of them retired and after they did chaos really began.  The accused were placed at other posts and the Captain was asked to give the corrections

---

[1] Jackson explains that her initial complaints of sexual harassment were dealt with to her satisfaction, but that the harassment resumed after the retirement of two DOC wardens.  This Recommendation does not interpret the Amended Complaint as making any independent claim based on alleged sexual harassment, but only on employer retaliation for having made such complaints in the past.

officers a discussion on sexual harassment pertaining to me Diondra Jackson. It was disclosed to me by another male that a lot of the correctional officers had a bet out on me pertaining to which one of them would sleep with me first. I was very disappointed, annoyed and felt much disrespect from the comments and constant sexual harassment of telling them NO everyday of I do not want to go out with them; none of them.

However, since that time I have been constantly subjected to harassment and intimidation to the point that I feared for my life from co-worker(s) and upper management. The employer has failed to provide me with a workplace that is free from racial harassment and intimidation. The employer has also failed to discipline a female co-worker in such a manner that she follows the employer's EEOC representative of the Alabama of Corrections instruction not to have any contact with me; which she refused to do. On March 26, 2008, I was given a memorandum regarding my attendance. On March 31, 2008, I was denied FMLA[2] family leave as requested by my physician, because of severe anxiety, fear and other issues caused by the constant harassment and retaliation from the prison staff (employer(s) and upper management). Nevertheless, on March 31, 2008, I was informed that I either recant my request for Family and Medical Leave Act (FMLA) leave or be discharged; and that came from Commissioner DeLoach of the Alabama Department of Corrections. That conversation happened in Warden Wise office and Captain Simmons was present. The phone conference included Commissioner DeLoach, the Alabama Department of Corrections attorney, Kim and the female over the treatment programs. Upon my refusal, humiliation and disrespect began, I was escorted by the Captain as if I was an inmate or committed an offense by the regulations of the prison to my office to get my belongings and then escorted off of the premises of the St. Clair of Corrections grounds. With

---

[2] Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq.*

that being said, I was then told by Commissioner DeLoach, that I would be on leave without pay until I recanted my FMLA. A White employee, my co-worker in the Department that worked in, was allowed to take FMLA months before then with no problems. However, I was informed that I was being placed on leave without pay until I changed my mind about requesting it.

As I left the premises, I began having a severe panic attack and called 911. After I called 911, I called St. Clair's attorney representative and her and Captain Simmons came to the scene. As I sat in my car and the EMT workers assisted me, the EMT worker whispered in my ear and insisted I get into the ambulance as Captain Simmons insisted otherwise. It went to the point where he was trying to get the workers to persuade me not to get in. One of the EMT workers on the scene told me to go and sit in the parking lot of the closest fast food restaurant and relax. After I got into the ambulance, the EMT workers recommended that I find an attorney because of the conversations that had gone on at the scene of trying to persuade me and the EMT workers to divert me from receiving proper medical services.

I believe that I was discriminated against in violation of Title VII of the 1964 Civil Rights Act, as amended because of my race and in retaliation for my several complaints of unlawful discrimination and sexual harassment. I also believe that I was discriminated against in violation of the Americans with Disabilities Act of 1990, as amended.

Doc. 6 at p. 1-3.

## II.     STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore v. Day*, 125 F.Supp.2d 468, 471 (M.D. Ala. 2000). To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)). In other words, in deciding a 12(b)(6) motion to dismiss, the Court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

Thus, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558, 127 S.Ct. at 1966. Further, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. at 1964-65 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id.*, 127 S.Ct. at 1965. Thus, it does not require a heightened fact

pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id*. at 570, 127 S.Ct. at 1974. It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish shome set of undisclosed facts to support recovery." *Id*. at 561, 127 S.Ct. 1968. (internal quotation and alteration omitted). Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc*. 769 F.2d 700, 703 (11th Cir. 1985).

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the Court is required to liberally construe a pro se litigant's pleadings, the Court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain and action." *GJR Investments, Inc., v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, ___ F.3d ___, 2010 WL 2595585 (11th Cir. 2010); *accord Giles v. Wal-Mart Distribution Center*, 359 Fed. Appx. 91 (11th Cir. 2009).

Finally, the Court notes that a plaintiff is not required to present a prima facie case in order to survive a motion to dismiss, and the ordinary rules for assessing the sufficiency of a complaint apply. *Swierkiewicz, v. Sorema N.A*., 534 U.S. 506, 511, 122 S.Ct. 992, 997 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a

limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled of offer evidence to support the claims.")).

### III.  DISCUSSION AND ANALYSIS

Defendants challenge the (1) validity/timeliness of the action; (2) subject matter jurisdiction of this court; and (3) lack of identified DOC employees who discriminated against Jackson.

**Federal Jurisdiction**

Jackson does not specifically invoke this Court's jurisdiction through reference to 28 U.S.C. § 1343, her allegations of discrimination under Title VII, a federal statute, give notice that jurisdiction is appropriate in this court.  *See* 28 U.S.C. § 1343(a)(3) (vesting United States District Courts with original jurisdiction of any civil action for "relief under any Act of Congress providing for the protection of civil rights. . . .").

**Individual Liability Under Title VII**

Though Defendants' motion to dismiss is minimalistic and provides the Court with little argument, a threshold inquiry into the proper defendants is appropriate at the outset. Jackson does not indicate whether this action is against Warden Wise and Warden Carter in their individual or official capacities. In the Eleventh Circuit, a plaintiff may not bring a Title VII claim against an employer's agent in his individual capacity. *See Mason v. Stallings,* 82 F.3d 1007, 1009 (11th Cir. 1996) (no individual responsibility under Title VII); *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer,* not the individual employees whose actions would constitute a violation of the Act.") (emphasis in original); *see also Cross v.*

*Alabama Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995) (affirming the *Busby* holding after the 1991 amendments to Title VII and holding liability under Title VII is limited to official-capacity actions). Therefore, Jackson cannot maintain an action against the wardens in their individual capacity.

A plaintiff may bring a Title VII suit against an individual in his official capacity. *See Cross*, 49 F.3d at 1504. However, when a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action. See *Taylor v. Alabama*, 95 F.Supp.2d 1297, 1309 (M.D. Ala. 2000) (citing *Cross*) (where a Title VII plaintiff names the employer as a defendant, any of the employer's supervisory officials also named in the complaint may be dismissed from the action); *see also Moss v. W & A Cleaners*, 111 F.Supp.2d 1181, 1187 (M.D. Ala. 2000) ("If a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action."). Jackson named the DOC as a defendant, thus the Title VII complaints against the wardens in their official capacities are redundant and therefore due dismissal.

**The Title VII Claims**

"Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.' 42 U.S.C. § 2000e-2(a)(1)." *Alvarez v. Royal Atlantic Developers, Inc.*, ___ F.3d ___, ___, 2010 WL 2631839 at *7 (11th Cir. July 2, 2010). Title VII also prohibits retaliatory

discrimination against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. 42 U.S.C. § 2000e-3(a)." *Id.* at *11.

Jackson alleges that she was "discriminated against in violation of Title VII of the 1964 Civil Rights Act" because of her race and in retaliation for complaints of unlawful discrimination and sexual harassment. These general allegations place her claim squarely within those remedied by the statute. Thus, the claim for Title VII relief is "plausible on its face," because it presents a basic outline of a black woman who alleges she suffered discrimination because of (1) her race, and (2) her history of complaints concerning sexual harassment.

First the Court must look to the timeliness of the action. The Eleventh Circuit interprets the Title VII enforcement provisions as permitting a plaintiff to bring a civil action against a named respondent within 90 days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). *See Gant v. Jefferson Energy Cooperative,* 348 Fed. Appx. 433, 434 (11th Cir. 2009) (interpreting 42 U.S.C. § 2000e-5(f)(1)). Jackson's Response to Defendant's Motion avers that she exhausted her administrative remedies by filing a complaint with the EEOC and received her right-to-sue letters. *See* Doc. 21, at 3. A review of the original complaint shows that Jackson received a right-to-sue letter dated March 25, 2009. *See* Doc. 1, attachments. As such, her ninety day time frame began on that date which puts June 23, 2009 as the ninety day deadline. On April 27, 2009, Jackson received the right to sue letters from her attorney.

9

*Id.* Jackson did not file her complaint until June 29, 2009. Jackson also attaches to her original complaint a letter which explains her reasons for filing her complaint six days past the ninety day window. *Id.*

The filing a complaint within ninety days is non-jurisdictional and is subject to equitable tolling upon a showing of extraordinary circumstances. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982); *see also Gant*, 348 Fed. Appx. At 434 (citing *Zipes*). "[T]raditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007); *see also Gant*, 348 Fed. Appx. at 434 (citing *Jackson*, its holding, and applying it in a Title VII context). These include "fraud, misinformation, or deliberate concealment." *Gant*, 348 Fed. Appx. at 434 (quoting *Jackson*). However, "[a]ttorney negligence is not a basis for equitable tolling." *Johnson v. Florida Department of Corrections*, 513 F.3d 1328, 1333 (11th Cir.), cert. denied, --- U.S. ----, 129 S.Ct. 348, 172 L.Ed.2d 86 (2008).

Based on the above, the Court finds that Jackson filed her complaint outside of the ninety day window and there are no extraordinary circumstances which justify equitable tolling. Consequently, the Title VII claims merit dismissal as they were not timely filed.

### The ADA Claim

The ADA provides that "[N]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A

plaintiff makes a prima facie case of ADA discrimination when she shows "(1) she has a disability; (2) she is a qualified individual;[3] and (3) she was subjected to unlawful discrimination because of her disability."  *Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996).  Jackson avers, but does not identify, any disability that is covered by the ADA.  Therefore she cannot obtain relief under the ADA.

## IV.   CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1) Defendants' Motion to Dismiss (Doc. 15) be **GRANTED**;

(2) This case be **DISMISSED**; and

(3) Any remaining outstanding motions be **DENIED as moot**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation not later than **August 23, 2010.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

---

[3] Under the ADA, a "qualified" individual is a person who, in addition to being disabled, is qualified to hold the job position in question.  42 U.S.C. §12111(8); *see also Dockery v. North Shore Medical Center*, 909 F.Supp. 1550, 1555 (S.D. Fla. 1995).

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 9th day of August, 2010.

                                            /s/ Terry F. Moorer
                                            TERRY F. MOORER
                                            UNITED STATES MAGISTRATE JUDGE